UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Michael Black,<br>    Plaintiff<br><br>Vs.<br><br>David L. Winn (Warden F.M.C. Devens)<br>    Defendant | Case No:<br><br>Petition for Writ Of Habeas Corpus pursuant to 28 U.S.C. 2241 |

Comes now before this Honorable Court, Petitioner pro-se Michael Black (hereafter "Black") pro-se under the auspices of all governing Federal Rules of Criminal And Civil Procedures who moves this Court for an order pursuant to 28 U.S.C. 2241, Writ of habeas Corpus. Black request that this Court "liberally construe" this pro-se proceeding according to **HAINES v. KERNER**, 404 U.S. 519 (1972); pro-se pleading be held to less stringent strandard than formal pleading drafted by lawyers."

## INTRODUCTION

Black relies on the authority recent announced by the Supreme Court in **CRAWFORD v. WASHINGTON,** No, 02-91410 72 U.S.L.W. at 9235-38. In Crawford the Supreme Court held under the confrontation clause, out-of-court statement are to be excluded unless the witnesses are found to be unavailable, and the defense was provided a prior opportunity to cross-examine that person, regardless of whether the trial Court deems the statements to be reliable or not; id at 9235-38, Black asserts that the governments introduced video tape, tape recorded conversations', transcripts of recorded conversation; and AUSA's acting out the role of an out-of-court non-testifying witness, Emmanuel Foster (hereafter "Foster") at Black's trial without Black having had a prior opportunity to cross-examine Foster, Black claims, absent the above constitutional violations no reasonable Juror would have convicted him, for these reasons, Black respectfully submits the authority of the Supreme Court to compel this Court to grant him the application of Crawford, Black makes this request pursuant to 28 U.S.C. 2241.

## STATEMENT OF THE CASE

1. Petitioner Michael Black is a Federal prisoner in custody of the Federal bureau of Prisons (hereafter "BOP") under the order of the United States District Court for the Northern District of Illinois, 219 Sourth, Dearborn Street, Chicago, Illinois 60606,

2. Black was convicted by jury trial of counts 2 and 8 of a ten(10) count indictment, count two (2) charged possession with intent to distribute 100 grams or more heroin 21 U.S.C. 841(a)(1) count eight

(1)

(8) attempted possession with intent to distribute 100 grams of heroin 21 U.S.C. 841 (A)(1)

3. On August 19, 1999 Black was sentenced to a term of one hundred and sixty-eight months (168) imprisonment followed by three (3) years of supervised release.

4. Prosecutors were AUSA'S Patrick M. Collins and Theodore Chung, 219 South Dearnborn Street, U.S. Courthouse, 5th Floor, Chicago, ILL. 60604.

5. Black claims his conviction is imposed in violation of the United States constitution and laws of the United States, and that the Sen-encing Court was without jurisdiction to impose sentence to a conviction illegally obtained. **SEE CRAWFORD v. WASHINGTON, SUPRA,**

6. Black's is currently serving his sentence at the Federal Medical Center, Devens in Ayer, Massachusetts.

7. Black's sentence of (168) months incarceration and (3) years of supervised release is currently in violation of the Fifth and Sixth Amendments of the United States constitution.

### JURISDICTION OF THE COURT

1. The Federal Habeas Statue, 28 U.S.C. 2241 gives this United States District Court jurisdiction to entertain this petition for habeas relief only from persons in custody in violation of the constitution of law or the treaties of the United States; **SEE MALENG v. COOK,** $() U.S. 488, 490 (1989) per curimum, quoting 28 U.S.C. 2241 (C)(3).

(2)

A Habeas Petitioner must be in custody "at the time his petition filed; or the Court is without jurisdiction to hear his petition; **SEE MALENG.**

2. Petioner, Michael Black is being held in a "BOP" facility within the **District of Massachusetts**.

3. Black contend that his confinement is illegal, because the Seventh Circuit District Court for the Northern District of Illinois was without jurisdiction to impose a sentence to an illegal conviction as outlined within said argument of this petition and brief in request of Habeas Corpus relief,"pursuant to 28 U.S.C. 2241."

4. Black asserts that he is illegally detained in the "BOP" facility located in Ayer, Mass and therefore this Honorable Court has the vested jurisdiction requisites, even though the sentencing Court is in the Northern District of Illinois; **SEE LEDESMA v. UNITED STATES**, 445 F.2d 1323 (5th Cir,1971).

5. This Honorable Court for the District of Massachusetts has the jusisdiction and authority over Black's custodian F.M.C. Devens, (BOP" Warden Chief Executive Officer ("CEO") David L. Winn, Chief Respondent.

### JURISDICTION TO TEST LEGALITY OF HABEAS CORPUS AS A MATTER OF LAW PURSUANT TO 28 U.S.C. 2241

A grant of Writ of Habeas Corpus operates against the restraining authority; **SEE BRODEN v. 30th JUDICIAL CIRCUIT COURT**, 410 U.S. 484, 494-95 (1973). Therefore, the Court issuing the Writ of Habeas Corpus must have jurisdiction over the custodian of the petitioner; **SEE MALONE v. CALDERON.**

(3)

SEE SUSTACHE-RIVERA v. UNITED STATES, 221 F.3d 8 (1st Cir 2001) Jones claims 18 U.S.C. 2119) and UNITED STATES v. LUKIC, 207 F.3d 1236 (11th Cir, 1999) (Various sentencing claims).

The Standard that these Courts have permissibly held factually for the 'savings clause' periodically may not be framed in the "identical term", but the basic features are evident in all forms as structured by Congress in 1789 and again in 1867, respectively. Actual innocence and retroactivity mandates the call of law with jurisdiction of the due process process procedural clause as well as the substantive clause. The Courts have framed the actual innocence factor differently, but the core ideal is that the petitioner may have been imprisoned for conduct that was not prohibited by law.

The Petitioner in this case at bar cites the recent Supreme Courts' opinion announced in CRAWFORD v. WASHINGTON, 541 U.S. 27, 32-33 (2004) which over-ruled the long standing frame work for the admissibility of out-of-court statements under OHIO v. ROBERTS, 448, U.S. 56, 100 (1980) that allowed hearsay evidence, absent the opportunity by defense to cross-examine that person. In Crawford the Court held Roberts allows a jury to hear evidence untested by the adversary process, based on a mere judicial determination of reliability, thus replacing the constitutionally prescribed method of assessing reliablility with a wholly foreign one. Crawford, citing MATTOX v. UNITED STATES, 156 U.S. 237, 243,pp 25-27. Also in Crawford, the Supreme court held that under the confrontation clause out-of-court statements are to be excluded....unless the witness is found to be unavailable and the defense was provided a prior opporunity to cross-examine that person, regardless of whether the trial court deem the statement to be reliable or not, SEE CRAWFORD v. WASH

INGTON, 72 USLW at 9235-38.

Black assets that his conviction was imposed in violation of the constitution and laws of the United States. The sentencing Court was without jurisdiction to impose a sentence to a conviction that was obtain illegally in violation of the consitution. The sentencing Court illegally used the out-of-court statements of Foster, illegally used tape recorded conversations of "Foster" to be played to the jury, allowed the jury to rely and refer to illegal transcripts of the recorded conversations of Foster, allowed two AUSA's Patrick M. Collins ("Collins") and Theodore Chung ("Chung") to act out the role of the out-of-court witness Emmanuel Foster ("Foster"), with AUSA Collins playing the role of Foster before the jury, and AUSA Chung being Petitioner Black. Lastly the sentencing Court instructed the jury that the above stated illegal evidence was, evidence to detemine the fact's of Blacks case at Blacks' trial. Such illegal conduct allowed for an unlawfull conviction to occur.

However, such illegal conduct is deemed to violate the constitution of the United States and it's confrontation clause, sbusequently resulted in a complete miscarriage of justice and presents exceptional circumstances that justify collateral relief, the Supreme Court's decision announced in Crewford, supra supports the petitiner's claim **that constitutional error caused the conviction of one who is actually innocent.**

Black states that the saving clause and Habeas Corpus Writs (ie: 2241) exist in such a delicate case as this.... 2255 is the primary collateral relief mechanism for Federal prisoner and the saving clause

(7)

cannot create a detor around 2255 such that 2255 is rendered a nullity, on the other hand, if congress had not included the savings clause in 2255 it is arguable that a problem would exist under the suspension clause, see "United States Constitution Article 1 section 9 clause 2 ("the privilege of the Writ of Habeas Corpus shall not be suspended, unless when, in a case of rebellion or invasion, the public safety may required it"). C.F. **Swain,** supra, 430 U.S. 372, 381 (stating that the substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention does not constitute a suspension of the Writ of Habeas Corpus in contravention in Article 18 of the Constitution. (2255 is inadequate and ineffective to test the legality of a conviction when: 1) at the time of conviction, 2) subsequent to the prisoner's and first 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted of is deemed not to be criminal, and 3) the prisoner cannot statisfy the gate-keeping provision of 2255 because the new rule is not of constitutional law; **Jones,** supra 226 F.3d at 333-34.

The Petitioner in this case should be permitted to seek Habeas Corpus relief because he had no reasonable opportunity to obtain earlier judicial correction of the illegal convicton, and his conviction is a miscarriage of justice; <u>SEE **MURRAY v. CARRIER**</u>, 447 U.S. 478, 495,(1986). <u>SEE **CRAWFORD v. WASHINGTIN, SUPRA.**</u>

In **Devenport** supra 147 F.3d at 611, this is subjected to three qualifications: 1) The change of law has to have been made retroactive by the Supreme Court; 2) It must be a change that eludes the permission in 2255 for successive motions; 3) The change is not to be equated to difference between the law in the Cicrcuit in which he was incarcerated.

id at 612.

black will claim that the gate-keeping provision of amendment 2255 is not impermissibly retroactive to file a successive or second 2255 motion. however Black maintains that his inability to file a successive or second 2255 motion makes that remedy inadequate or ineffective to test the legality of his detention, thereby entitling him to file a petition for Writ of Habeas Corpus under 28 U.S.C. 2241.

28 U.S.C. 2241 allows a Federal prisoner to seek a Writ of Habeas Corpus. A habeas petition under 2241 must however be filed in the district in which the prisoner is confined. See 28 U.S.C. 2241 (a). 2255 thus was not intended to limit the right of Federal prisoners to collateral attack of their convicton and sentences. **SEE DAVIS v. UNITED STATES** . 417 U.S. 333, 343 (1974)(noting that 2255 was intended to afford Federal prisoners a remedy indentical in scope to Federal Habeas Corpus). 341 U.S. at 219 ("no where in the history of 2255 do we find any purpose to impinge upon prisoner's rights to collateral attack upon their convictons") indeed, when 2255 proves "inadepquate or ineffective to test the legality of..... detention" A Federal prisoner may seek a Writ of habeas Corpus purseant to 2241.

In re: **JONES,** 226 F.3d 328 (4th Cir,2000), " to invoke this savings clause as a means of representing his....claim to a District Court. he maintains that the gate-keeping provision...which concededly bar him from presenting his claim in a second or successive 2255 motion renders 2255 inadequate or ineffective. The court stated "we conclude that in a limited number of circumstance, like those presented here, 2255 as amended by the A.E.D.P.A. is inadequate or ineffective to test the legaility of the detention of a Federal prisoner. In such a case the

prisoner may file a petition for Writ of Habeas Corpus in the District of confinement pursuant to 2241. "id **Jones, supra at 333.**

### PROCEDURAL BACKGROUND ISSUES: EVIDENCE OF ACTUAL INNOCENCE FOR CONSIDERATION IN LIGHT OF CRAWFORD v. WASHINGTON NO. 02-9410 72 USLW at 9235-38

1. Black's case must be remanded and reversed as a matter of law, as he is actually innocent.

2. Reversible error was committed by the Seventh Circuit for the Northern District of Illinois in reference to Sixth Amendment's confrontation clause.

3. The Sixth Amendment's confrontation clause provides that, in all criminal prosecutions the accused shall enjoy the right... to be confronted with witnesses against him, **SEE CRAWFORD,** supra also **POINTER v. TEXAS,** 380 U.S. 400 (1963)

A. The government violated Petitioner's Sixth Amendment confrontation clause in particular, the use of ex-parte examination as evidence against the accused at trial.

B. The use of testimonial statements of a witness who did not appear at trial nor did defense have a prior opportunity to cross-examine.

C. The use of tape recorded conversations of a absent witness who was not at trial for cross-examination. **SEE EXHIBIT A.**

D. A sentencing Judge's instruction that allowed the Jury to hear, read, and see inadmissible evidence against the accused. **SEE EXHIBIT B**

E. Allowed a Jury to see a video of an out-of-court witness without defense being provided a prior opportunity to cross-examine that person "Foster".

(10)

G. The government's case in chief was based upon the out-of-court statements of a witness who did not appear at trial, and the defendant had not had a prior opportunity for cross-examinatin. **SEE CRAWFORD v. WASHINGTON,** supra. Also **MATTOX v. TEXAS** supra in violation of Black's Sixth Amendment.

### BLACK'S CRAWFORD CLAIM

Black claims that constitutional errors was committed by the Seventh Circuit District Court, resulting in the illegal conviction of one who is actually innocent. In support of this allegation Black directs this Court's attention to the recent Supreme Court's opinion announced in **CRAWFORD V. WASHINGTON,** supra which over-ruled the use of out-of-court statement of a witness who did not appear at trial, and when defense had had a prior opportunity to cross-examine that person, Black claims that the Seventh Circuit District Court for the Northern District of Illinois errors denied him a lawful trial and violated the United States Constitution in two (2) highly prejudicial aspects. One (1) of which the constitution demands the right to confront the accuser, in this case at bar Emmanuel Foster was the governments chief out-of-court witness, who outright lied **SEE EXHIBIT C** but was an absent witness that was never cross-examined by the defense, **EXHIBIT C** Foster's letter's to Petitoner Attorney and Petitioners wife after trial, two (2) Black was denied the right of the use of the adversarial process to establish his innocence. In **CRAWFORD,** supra, the Supreme Court held that, under the confrontation clause, out-of-court statements are to be excluded....unless the witness is found to be unavailable, and the defense

(11)

was provided a prior opportunity to cross-examine that person. Regardless of whether the trial Court deems the statements reliable or not, id at 4235-38.

Foster was never available nor did Black have an opportunity to cross-examine Foster, under **Crawford** no part of Fosters' statement should have been used, the video tape, tape recorded conversation, transcripts of the conversations as well as the illegal conduct of the two (2) AUSA's Collins and Chung acting out an alledge crime being committed for the jury as well the Judges instruction to the jury that such illegal evidence was in fact evidence to be consider, In **Crawford,** the Supreme Court has held the confrontation clause command the reliability by assessed in a particular manner by testing in the crucible of cross-examination, quoting <u>**CRAWFORD v. WASHINGTON,**</u> supra. Petitioner directs this Courts' attention back to <u>**EXHIBIT C "Fosters letters".**</u> The reliability of this case cannot be determine by letter's sent by Foster months after Black's trial, because Foster is a known **Liar**. However what can be determine is the need for the Constitution protection announced by the Supreme Court in <u>**CRAWFORD v. WASHINGTON,**</u>supra "cross-examination". This method was replaced with a wholly foreign one, the District Court allowed the use of inadmissible evidence. In light of the recent decision announced by the Supreme Court, the above illegal evidence must be excluded. <u>SEE CRAWFORD v. WASHINGTON NO: 02-9410 72 USLW 4229 (2004).</u>

### <u>CAUSE AND PREJUDICE STANDARD INPART</u>

Whreby Black's claim of actual innocence is reviewable under the

gate-keeping standard for filing this Writ of Habeas Corpus motion requesting an evidentiary hearing because constitutional error has caused the convictions of someone who is actual innocence and as Justice O'Connor observed that the Court had adopted the cause and prejudice standard in part, because of it's confidence that the standard would provide adequate protection to "Victims of a fundamental miscarriage of justice." SEE MURRY v. CARRIER, 477 U.S. 478, 496 (1986)(quoting ENGLE v. ISACC, 456 U.S.. 107 (1982) Justice O'Connor also noted that the Court had candidly refused to pretend that this will always be true CARRIER supra at 496, for reason "in appropriate cases, the principles of comity and finality that inform the concepts of cause and prejudice must yield to imperative of correcting a fundamentally unjust incarceration" Id at 495 (quoting ENGLE. ALSO SEE SMITH v. MURRAY, 477 U.S. 527, 537 (1986) insubsequent cases we have consistently reaffirmed the existence and importance of the exception for fundamental miscarriage of justice: SEE SAWYER V. WHITLEY, 112 S.Ct. 2514 (1992): MCCLESKY v. ZANT, 499 U.S. 467 (1991): and DUGGER v. ADAMS, 489 U.S. 401 (1989)

In this case at bar Black assert that the standard adopted by the District Court in this case where wholly foreign to the Constitution and has caused a fundamental miscarriage of justice to occur, which is prohibited by the constitution and laws of the United States and it is more likely than not that if the constitutional violation had not occurred in this case, no reasonable Jurors would have found him guilty. For these reasons a fundamental miscarriage of justice will occur if Black's consitutional argument is not considered in light of the Supreme Courts opinion announced in CRAWFORD v. WASHINGTON supra.

## CONCLUSION

Black assurts the constitutional violation which resulted in the conviction of one who is actually innocent which implicates a fundamental miscarriage of justice which is reviewable, because such errors has cause the conviction of an innocent person **SEE SCHLUP v. DELOP, 531 U.S. 298 (1995).** Black states that this violation of the Constitution and laws of the United States left the Court without proper authority to impose a sentence to a conviction that was illegally obtained in violation of the Sixth Amendment.

Wherefore, premises be considered that Petitioner be granted this petition for Writ of Habeas Corpus and an evidentiary hearing on the merits of his actual innocence consistent with the foregoing and any other determined by this Honorable Court.

Whereby a fundamental misscarriage of justice will result if this Court does not grant this evidentiary hearing to serve the ends of justice and preserving the integrity of the Constitution and the reputation of this honorable Court as well assuring the public receive a fair and impartial justice system under the Constitutional statute and its Amendment to with.

Respectfully,

by *Michael Black*

Michael Black Pro-se
Reg. No. 11354-424
P.O. Box 879
Ayer, Mass 01432

_10_ of _27_ 2004

## CERTIFICATE OF SERVICE

I, Michael Black pursuant to 28 U.S.C. 1746 certify under penalty of perjury that I mail copies of the foregoing Writ of Habeas Corpus by first class United States mail to the following:

United States District Court
1 Courthouse Way
Boston, Mass   02210

Additional Service to
Warden David L. Winn
F.M.C. Devens
% Devens Legal Department
P.O. Box 879
Ayer, Mass   01432

Submitted:

Michael Black   Pro-se
Reg No: 11354-424
P.O. Box 879
Ayer, Mass 01432