UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL BLACK, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) C.A. No. 04-40233-DPW |
| | ) |
| DAVID L. WINN, WARDEN, | ) |
| FMC DEVENS. | ) |
| Respondent. | ) |

MEMORANDUM AND ORDER

For the reasons stated below, Petitioner Black's petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 shall be dismissed.

FACTS

On November 4, 2004 Petitioner Michael Black, currently an inmate at FMC Devens in Ayer, MA, filed his *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. §2241, seeking to vacate his conviction, in light of Crawford v. Washington, __U.S.__ , 124 S. Ct. 1354 (2004)[1]. Black alleges

---

[1] In Crawford, defendant was tried in Washington Superior Court for assault with a dangerous weapon and attempted murder. At trial, the State sought to introduce a recorded statement that defendant's wife had made during a police interrogation, as evidence that the stabbing was not in self-defense. Defendant's wife did not testify at trial because of Washington's marital privilege. Defendant argued that admitting the evidence would violate his Sixth Amendment right to confront witnesses against him. Under Ohio v. Roberts, 448 U.S. 56 (1980), the right of confrontation did not bar admission of an unavailable witness's statement against a criminal defendant if the statement bore an "adequate 'indicia of reliability.' " Id., at 66. The test was met when the evidence either fell within a "firmly rooted hearsay exception" or bore "particularized guarantees of trustworthiness." Id. The trial court admitted the statement on this second basis, and on appeal, the State Supreme Court upheld the conviction, deeming the statement reliable because it was nearly identical to defendant's own statement to the police. On certiorari, the Supreme Court abrogated Ohio v. Roberts, and held that the State's use of the wife's statement violated the Sixth Amendment Confrontation Clause, on the grounds that, with respect to testimonial statements, the only stamp of reliability sufficient to satisfy constitutional demands is confrontation. Crawford, 124 S. Ct. at 1369-74. Thus, out of court statements by

that his Sixth Amendment rights were violated because of the introduction of testimonial statements of a witness who did not appear at trial and whom his counsel did not have a prior opportunity to cross-examine. In addition, he claims that the use of tape recorded conversations of an absent witness at trial also violated his right of confrontation, as did the introduction of a video of an out-of-court witness. He further contends that the sentencing judge's instructions were in error in that they allowed the jury to hear, read, and see inadmissible evidence against Black.

After a jury trial, on June 11, 1999, Black was convicted in the Northern District of Illinois (Eastern Division) on counts 2 and 8 of an indictment, of Possession with Intent to Distribute 100 grams or more of heroin, and attempted Possession with Intent to Distribute 100 grams of heroin, in violation of 21 U.S.C. §841(a)(1). On September 29, 1999[2], Black was sentenced to 168 months imprisonment followed by three (3) years of supervised release.

The post-sentencing history of this case is somewhat convoluted. Although Black claims he made a direct appeal of his conviction to the Seventh Circuit, a review of the public docket does not reveal any direct appeal was ever filed. An inquiry by this Court to the Seventh Circuit Court of Appeals for a records check likewise revealed no evidence of a direct appeal. However Black did file a motion under 28 U.S.C. §2255, on the grounds of ineffective assistance of counsel. This motion was filed on May 26, 2000, in the Northern District of Illinois, and was denied in its entirety on July 7,

---

witnesses which are testimonial are barred as violative of the Confrontation Clause, unless the witnesses are shown to be unavailable and the defendant has had a prior opportunity to cross-examine those witnesses, regardless of whether such statements are deemed reliable by the court.

[2]Black claims he was sentenced on August 19, 1999; however, a review of the public court docket indicates a sentencing order (#217) was entered on September 29, 1999.

2000. (Docket No. 6, Civil Action 00-03248). Black (prematurely, it appears) filed a Notice of Appeal on November 7, 2000, with a request to file the Notice of Appeal late. He also filed a request for a certificate of appealability, which was denied by District Judge Milton I. Shadur on November 20, 2000. Black then filed a Notice of Appeal with respect to the denial of a certificate of appealability on February 13, 2001. On July 2, 2001 final judgment entered by the district court, denying the §2255 motion. On August 7, 2001, Black filed a Notice of Appeal of the final judgment, and the district judge again denied a request for a certificate of appealability. On October 5, 2001 Black's motion to appeal *in forma pauperis* was denied, and the appeal was stayed pending resolution of the filing fee issues.

On January 27, 2004, Black filed a motion to set aside judgment pursuant to Rule 60(b)(5) & (6). Two days later, that motion was denied by the district court. Black filed a Notice of Appeal from the denial of that motion. On February 10, 2004 Black filed a motion to reconsider his Rule 60(b) motion, and that motion was also denied. Although not appearing on the public docket, the Clerk's Office for the Seventh Circuit has indicated that Black's §2255 appeal (Docket No. 04-1350) has been re-opened as of November 17, 2004, since the filing fee issues have been resolved.

In addition to his §2241 Petition in this District, Black also filed an Application to proceed *in forma pauperis* and waive the $5.00 filing fee (Docket no. 2).

## ANALYSIS

I. The IFP Application Is Allowed

Black seeks in forma pauperis, to have the $5.00 filing fee waived. Based on his certified prison account balance for the past six months, and the accompanying financial affidavit, I find the Petitioner qualifies for *in forma pauperis* status and hereby Grant the Application to proceed Without

Prepayment of Fees (Docket No. 2).

> II. The Court May Screen This Action Pursuant to Section 1915

To the extent Black seeks to bring this action as a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241, the petition may be screened and summarily dismissed under the rules applicable to habeas petitions. See McFarland v. Scott, 512 U.S. 849, 856 (1994)(habeas petition may be dismissed if it appears to be legally insufficient on its face); 28 U.S.C. §2243 (habeas petition may be summarily dismissed if it fails to set forth facts that give rise to a cause of action under federal law); Marmol v. Dubois, 885 F. Supp. 444, 446 (D. Mass. 1994)(same).

> III. Subject Matter Jurisdiction: §2241 habeas petitions versus §2255 motion to vacate, set aside, or correct sentence.

As a threshold matter, it is imperative to determine whether Black's claims may properly be raised pursuant to a §2241 habeas petition[3], or must be brought as a motion to vacate, set aside, or

---

[3] Section 2241 provides as follows:

**(a)** Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. The order of a circuit judge shall be entered in the records of the district court of the district wherein the restraint complained of is had.

**(b)** The Supreme Court, any justice thereof, and any circuit judge may decline to entertain an application for a writ of habeas corpus and may transfer the application for hearing and determination to the district court having jurisdiction to entertain it.

**(c)** The writ of habeas corpus shall not extend to a prisoner unless--

>   **(1)** He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
>
>   **(2)** He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
>
>   **(3)** He is in custody in violation of the Constitution or laws or treaties of the United States; or

correct sentence, pursuant to §2255.[4]   This determination bears not only on whether a filing fee is

---

> **(4)** He, being a citizen of a foreign state and domiciled therein is in custody for an act done or omitted under any alleged right, title, authority, privilege, protection, or exemption claimed under the commission, order or sanction of any foreign state, or under color thereof, the validity and effect of which depend upon the law of nations; or
>
> **(5)** It is necessary to bring him into court to testify or for trial.

**(d)**  Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

[4] Section 2255 provides, in relevant part:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

\*\*\*

An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his

imposed[5], but also on the question whether this Court has jurisdiction to review the Petitioner's claims.

A §2241 petition is properly brought in the district court with jurisdiction over the prisoner's custodian; whereas a motion under §2255 must be brought in the sentencing court. United States v. Barrett, 178 F.3d 34, 50 n. 10 (1st Cir. 1999), cert denied, 528 U.S. 1176 (2000). The basis for this distinction is that a writ of habeas corpus under §2241 must be "directed to the person having custody of the person detained." 28 U.S.C. §2243; Braden v. 30th Judicial Circuit, 410 U.S. 484, 499-500 (1973); Vasquez v. Reno, 233 F.3d 688, 690 (1st Cir. 2000), cert denied, sub nom., Vasquez v. Ashcroft, 122 S. Ct. 43 (2001) (court issuing the writ must have personal jurisdiction over the person who holds the petitioner in custody); accord, Gonzalez v. United States, 150 F. Supp. 2d 236, 240 (D. Mass. 2001).

A petition for writ of habeas corpus under §2241 generally challenges the manner, location, or detention.

\*\*\*

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--

**(1)** newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

**(2)** a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

---

[5]There is a $5.00 filing fee for the filing of a §2241 petition, however there is no fee for filing a §2255 motion. Since Black qualifies for *in forma pauperis* status, and I have granted the application to proceed *in forma pauperis*, the fee issue is mooted in this particular case.

conditions of a sentence's execution. Gonzalez, 150 F. Supp. 2d at 240; accord, United States v. Barrett, 178 F.3d at 50 n. 10 (§2241 challenges execution of sentence); Thompson v. United States, 536 F.2d 459, 460 (1st Cir. 1976)(same); Calvache v. Benov, 183 F. Supp. 2d 124, 126 (D. Mass. 2001). By contrast, a motion to vacate, set aside, or correct a sentence under §2255 provides the primary means of a collateral attack on a federal sentence. See United States v. DiRusso, 535 F.2d 673, 674-676 (1st Cir. 1976)(§2255 grants jurisdiction over post-conviction claims attacking the "imposition or illegality of the sentence."); Rogers v. United States, 180 F.3d 349, 357 n. 15 (1st Cir. 1999) cert. denied, 528 U.S. 1126 (2000)(motion under §2255 is the "exclusive remedy in the sentencing court for any errors occurring at or prior to sentencing, including construction of the sentence itself."). Since it appears Black's Crawford challenge is attacking not the "execution" of the sentence, but the actual underlying conviction and the sentence itself, the proper district in which to make this attack is the Northern District of Illinois, subject to the limitations imposed as a second or successive petition[6].

---

[6] In an analogous situation I have held that there is no jurisdiction in this Court for a Massachusetts inmate's §2241 habeas petition based on a challenge under Apprendi v. New Jersey, 120 S.Ct. 2348 (2000), where the petitioner was sentenced in the Northern District of Georgia. Orozco-Pulido v. United States of America, Civil Action No. 00-40214-DPW (Memorandum and Order, December 15, 2004, Docket No. 3). See also Doyle v. Winn, Civil Action No. 02-40223-DPW (Memorandum and Order, April 30, 2003, Docket No. 11) (habeas petition attacking sentence itself must be raised in a §2255 motion rather than a §2241 habeas petition). Because the petitioner in Orozco-Pulido was challenging the validity of the sentence, the proper vehicle to challenge his sentence was through a §2255 motion in the Northern District of Georgia rather than in the district court in the state of incarceration.

Similarly, recent case law involving collateral attacks to sentences pursuant to Blakely v. Washington, ___U.S.___, 124 S.Ct. 2531, 159 L.Ed. 2d 403 (2004) holds that the proper vehicle for such a challenge is through a §2255 motion rather than a §2241 habeas petition or some other basis.

While both provisions of §2241 and §2255 authorize challenges to the legality of Black's continued federal custody, "[i]t is a well established canon of statutory construction that when two statutes cover the same situation, the more specific statute takes precedence over the more general one." Coady v. Vaughn, 251 F.3d 480, 484 (3rd Cir. 2001)(comparing §2241 and §2254 habeas challenges), citing Edmond v. United States, 520 U.S. 651, 657 (1997); Preiser v. Rodriguez, 411 U.S. 475, 488-489 (1973). The rationale behind this canon in this setting is that under general circumstances, the use of a §2241 petition rather than a §2255 motion would serve to circumvent Congress's intent to restrict the availability of second and successive petitions. Coady, 251 F.3d at 484-485.

In this case, because Black previously filed a §2255 motion in the U.S. District Court for the Northern District of Illinois, that was denied on the merits, any §2255 motion filed by him would constitute a "second or successive" petition. See Norton v. United States, 119 F. Supp. 2d 43, 44 n.1 (D. Mass. 2000)(a petition is "second or successive" when a previous habeas petition has been decided on the merits); cf. Sustache-Rivera v. United States, 221 F.3d 8, 12-13 (1st Cir. 2000).

---

See, e.g., United States v. Yett, 2004 WL 2368216 (5th Cir. October 21, 2004)(Blakely challenge not cognizable in the context of a motion under 18 U.S.C. §3582(c)(2))(not selected for publication); United States v. Stewart, 2004 WL 2270015, at *1 (D. Me, October 5, 2004)(same; motion made under Fed. R. Crim. P. 35); United States v. Willis, 2004 WL 1918893, at *1 (N.D. Ill., July 12, 2004); See also Cuevas v. C.J. DeRosa, 386 F.3d 367 (1st Cir. October 22, 2004)("...if the Supreme Court in the future makes Blakely retroactive, the petitioner may at any time attempt to assert a claim by means of a second or successive §2255 petition."); Garland v. United States of America, 2004 WL 1593438, at *1-2 (N.D. Tex. 2004))(petitioner precluded from bringing Blakely challenge to conviction under 28 U.S.C. §2241, notwithstanding fact petitioner may be precluded from raising this claim in a second or successive §2255 motion).

Before a party can file a "second or successive" §2255 motion, the motion must be certified by the appropriate Court of Appeals, as provided in section §2244, to contain (1) newly discovered evidence..., or (2) **a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court that was previously unavailable**. 28 U.S.C. §2255 (emphasis added). It is this latter provision upon which Black relies in asserting his Crawford challenge.

While I question whether Black may raise the issue until the Supreme Court has acted, see generally Breese v. Maloney, 322 F. Supp. 2d 109 (D. Mass. 2004) appeal filed (1st Cir. No. 04-1977), Black's challenge to his sentence under Crawford must be raised in the context of a §2255 motion, before the sentencing judge in the district in which he was sentenced, i.e., the Northern District of Illinois. And, since such a motion would be a "second or successive" motion, Black must first seek permission from the Seventh Circuit Court of Appeals, in order to file.

 IV. Petitioner has failed to show that the remedy under §2255 is inadequate or ineffective so as to invoke §2241 relief.

Notwithstanding the foregoing discussion finding Black's challenge to be more properly asserted as a §2255 motion, habeas relief under §2241 "may be appropriate when the remedy provided under section 2255 is inadequate or ineffective." Garland v. United States of America, 2004 WL 1593438, at *1-2 (N.D. Tex. 2004), citing Jeffers v. Chandler, 253 F.3d 827, 830-831 (5th Cir. 2000), cert. denied, 534 U.S. 1001 (2001). A §2241 petition "may be entertained when the so-called "savings clause" in §2255 is satisfied by the petitioner. Jeffers, 253 F.3d at 830. That clause states, in relevant part:

> An application for a writ of habeas corpus...shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or

that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of detention.

Jeffers, 253 F.3d at 830 quoting McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979).

Here, citing this clause, Black claims that a §2255 motion is inadequate or ineffective because "his inability to file a successive or second 2255 motion makes that remedy inadequate or ineffective to test the legality of detention, thereby entitling him to file a petition for Writ of Habeas Corpus under 29 U.S.C. 2241." (Petitioner's Brief in support, pages 8-9). Apart from this simple assertion, Black fails to state specific factual or legal reasons why such relief is inadequate or ineffective. The fact that petitioner may be precluded from raising the Crawford challenge in a second or successive section §2255 motion does not make that remedy "inadequate or ineffective." See Garland, 2004 WL 1593438 at *1 (petitioner precluded from bringing Blakely challenge to conviction under 28 U.S.C. §2241, notwithstanding fact petitioner may be precluded from raising this claim in a second or successive §2255 motion), citing Jeffers, 253 F.3d at 830 ('a prior unsuccessful §2255 motion, or the inability to meet the AEDPA's second or successive requirement does not make §2255 inadequate or ineffective.').

## CONCLUSION

ACCORDINGLY, for the foregoing reasons, Petitioner's Application to Proceed *in forma pauperis* is ALLOWED, and the Petitioner's §2241 habeas petition is DISMISSED.

SO ORDERED.

Dated at Boston, Massachusetts, this 29th day of November, 2004.

/s/ Douglas P. Woodlock
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE